AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

MAR 1 5 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

| Janet Ellis | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:05-cv-1623 (JBA) |
| Solomon & Solomon PC, et al | ) |
| *Defendant* | ) |

10-MISC-0017

TJM / DRH

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___04/20/2009___ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

**ROBERTA D. TABORA**

Date:   03/02/2010

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET ELLIS

v.                                                          Civil No. 3:05cv 1623 (JBA)

SOLOMON & SOLOMON, P.C.
JULIE S. FARINA
DOUGLAS FISHER

### AMENDED JUDGMENT

This matter came on for consideration on plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment before the Honorable Janet Bond Arterton, United States District Judge.

The Court has reviewed all of the papers filed in conjunction with the motions and on February 23, 2009, the Court entered a Ruling granting plaintiff's motion for summary judgment and denied defendants cross-motion for summary judgment. Judgement in the amount of $1,000.00 shall enter in favor of the plaintiff, in light of which plaintiff's remaining claims are dismissed as moot.

It is therefore ORDERED and ADJUDGED that summary judgment is entered for the plaintiff in the amount of $1,000.00, and remaining claims are dismissed as moot and the case is closed.

Dated at New Haven, Connecticut: April 20, 2009

ROBIN D. TABORA, CLERK

By_____/s/_____
Betty J. Torday
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janet Ellis,<br>  *Plaintiff,*<br><br>v.<br><br>Solomon & Solomon, P.C., Julie S. Farina, and Douglas Fisher,<br>  *Defendants.* | Civil No. 3:05cv1623 (JBA)<br><br><br>October 20, 2009 |

**RULING ON PLAINTIFF'S FEE APPLICATION [Doc. # 94]**

Plaintiff Janet Ellis brought suit against Defendants Solomon & Solomon, P.C., Julie S. Farina, and Douglas Fisher under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "Act") for actions related to Defendants' debt-collection efforts on an outstanding credit-card balance. On February 23, 2009 the Court granted summary judgment to Plaintiff as to her overshadowing claim—i.e., that Defendants violated the Act by serving a state-court suit on her during the statutory validation period without explanation of its effect on her FDCPA rights—and declined to rule on her remaining claims in light of Plaintiff's counsel's representation "that upon the grant of summary judgment in her favor as to any claim, her remaining claims would be moot" since the statutory maximum damages of $1,000 was all that she sought and was awarded. *Ellis v. Solomon & Solomon, P.C.*, 599 F. Supp. 2d 298, 299, 305 (D. Conn. 2009). As amended, the Judgment reads: "Judgment in the amount of $1,000.00 shall enter in favor of the [P]laintiff, in light of which [P]laintiff's remaining claims are dismissed as moot." (Am. J. [Doc. # 105].) The Court awarded to Plaintiff "'the costs of the action, together with a reasonable attorney's fee

as determined by the court' under § 1692k(a)(3)." *Ellis*, 599 F. Supp. 2d at 305. Plaintiff timely applied for an award of fees and costs, to which Defendants have objected. For the reasons that follow, Plaintiff's application will be reduced by $175.00, and a total of $36,133.00 will be awarded.

Plaintiff seeks a fee award of $34,845 for 99.7 hours at $350.00 per hour and costs in the amount of $1,413.00, in support of which her attorney, Joanne Faulkner, proffers an affidavit attached to which are a schedule of costs and a time-and-task schedule of work performed. (Faulkner Fee Aff. [Doc. # 94-1] at ¶¶ 8, 10 and fee and costs schedules.) The schedules' documentation of the tasks Ms. Faulkner performed manifests multiple efforts to settle this case throughout the course of this litigation. (*See, e.g.*, Entries Dated 07/19/05, 08/31/05, 12/23/05, 08/31/06, 11/16/06, 11/27/07, 01/17/08, 01/22/08, 02/04/08, 02/05/08, 02/11/08, 02/16/08, 02/18/08, 02/20/08, 02/26/08, 02/29/08, 04/30/08, 05/09/08, 05/15/08, 08/20/08.) Nonetheless, the parties conducted full discovery including depositions in Albany, a location apparently insisted upon by Defendants.

Defendants lodge many objections to this fee application. They challenge what they claim is inclusion of fees for unsuccessful and withdrawn claims (Defs.' Opp'n [Doc. # 101] at 5–6), but they offer no analysis of the amount of time expended for such claims. In any event, as the Court's ruling on summary judgment and the Amended Judgment specify, none of Plaintiff's claims were rejected as "unsuccessful." Instead, once Plaintiff prevailed on her overshadowing claim she became entitled to the maximum statutory damages of

2

$1,000. Her remaining claims thus became moot, and the Court therefore did not reach or address them. *Ellis*, 599 F. Supp. 2d at 305. Plaintiff's fee and cost application will therefore not be reduced by the amount expended on the claims Defendants mischaracterize as "unsuccessful." As to those claims that Plaintiff describes as having become moot upon Defendants' withdrawal of the state-court action (*see* Pl.'s Reply Supp. [Doc. # 103] at 3), the Court will not penalize Plaintiff's counsel for withdrawing claims that no longer should be litigated; doing so would produce a perverse incentive not to streamline litigation whenever possible.

Moreover, as indicated above and in the summary-judgment ruling, Plaintiffs' claims all arise from the same course of conduct: Defendants' attempt to collect a credit-card debt from Plaintiff, including by initiating suit against her in state court. *Ellis*, 599 F. Supp. 2d at 299. Thus, even if, *arguendo*, the Court were to consider Plaintiff's FDCPA claims other than her overshadowing claim to have been "unsuccessful," that fact would not warrant reduction of the fees sought in her application, since "when a plaintiff fails to prove one of two overlapping claims . . . but prevails on the other . . . the plaintiff may recover for all the legal work." *Wilson v. Nomura Secs. Int'l, Inc.*, 361 F.3d 86, 90–91 (2d Cir. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) and *Dominic v. Consol. Edison Co. of N.Y., Inc.*, 822 F.2d 1249, 1259–60 (2d Cir. 1987)). It is especially appropriate in this case that the fee award not be reduced where the Court only ruled on one claim because that success produced the statutory damage maximum of $1,000, i.e., she obtained the maximum possible

"overall relief." See *Hensley*, 461 U.S. at 435 (in determining propriety of awarding fees for all work, including unsuccessful claims, district court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. . . . [T]he court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.").

Defendants' argument that the overshadowing claim on which Plaintiff prevailed "presented a straightforward issue of law" for which "[a]bsolutely no discovery was necessary" (Defs.' Opp'n at 3; *see also id.* at 6) is also unavailing. First, Defendants could have raised this "issue of law" on a motion to dismiss, and do not show that Plaintiff could have sought judicial determination earlier than she did. Second, even if Plaintiff could have prevailed on the overshadowing claim without discovery, given that Defendants tested the merits of all of Plaintiff's FDCPA claims by summary-judgment motion after discovery, it would be inappropriate to reduce the fee by some arbitrary percentage simply because there existed one claim that, in retrospect, could potentially have been determined by motion prior to discovery. Moreover, while Defendants are correct that the purposes of the FDCPA are not advanced by encouraging litigants to bring weak claims (Defs.' Opp'n at 5), the purpose *is* advanced by giving innovative counsel the opportunity to flesh out the scope of the FDCPA's protections, *see generally Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome.").

Defendants also challenge the hourly rate and time entries of Plaintiff's fee application. First they argue that she does not adequately support her claim that an hourly rate of $350 is reasonable. The Court disagrees. In particular, Ms. Faulkner's affidavit establishes her substantial "'experience, reputation, and ability.'" *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 196 n.3 & 190 (2d Cir. 2008) (quoting "[t]he twelve *Johnson* factors" set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) for district court consideration).[1] In addition, Ms. Faulkner's affidavit reflects that $350 is her recent "customary hourly rate" and her hourly fee "award[ed] in similar cases," *Arbor Hill*, 522 F.3d at 186 n.3 (quoting *Johnson* factors 5 and 12),[2] and is well within the range of comparable attorney billing rates attested to by counsel and independently known to the Court from fee applications; that, as noted above, "the results obtained" were the maximum possible damage award of $1,000, *id.* (quoting *Johnson*

---

[1] Ms. Faulkner is listed as counsel for the prevailing respondent in *Heintz v. Jenkins*, in which the Supreme Court held that the FDCPA applies to lawyers engaged in consumer-debt-collection litigation. *See* 514 U.S. 291, 292 (1994). She also successfully litigated *Clomon v. Jackson*, 988 F.2d 1314, 1316 (2d Cir. 1993), one of the cases before the Second Circuit on which this Court relied in granting summary judgment to Plaintiff. She has won numerous awards, lectures widely, and has developed "national renown for [her] expertise in consumer cases," especially those under the FDCPA. (Faulkner Aff. at ¶¶ 5-7). In addition, the consumer-rights field, in which Ms. Faulkner is well recognized, is a field hardly overpopulated with practitioners.

[2] Ms. Faulkner avers that one client, on whose behalf she obtained a favorable ruling in the Ninth Circuit, *see Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002), paid her $500 per hour (Faulkner Aff. at ¶¶ 4, 10). In recent cases in this district Ms. Faulkner has obtained awards based on an hourly rate of $350. *See, e.g., Carter v. Reiner, Reiner & Bendett, P.C.*, 3:06cv988(AWT), slip op. at 2 (D. Conn. Aug. 28, 2008) ("the court concludes that the reasonable hourly rate in this case is $350 per hour").

factor 8); and that the case is not otherwise desirable, *id.* (listing *Johnson* factor 10), "because of the special expertise required and the risk of nonpayment" (Faulkner Aff. at ¶ 9).

Defendants next argue that Plaintiff's Fee Application contains "an edited summary prepared for this litigation" rather than contemporaneous time records. (Defs.' Opp'n at 7.) The schedule attached to Ms. Faulkner's affidavit actually looks like a compilation of contemporaneously prepared records, and in any event satisfies her "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *Hensley*, 461 U.S. at 437, which results in a "presumptively reasonable fee." *Arbor Hill*, 522 F.3d at 190. Defendants have sought no discovery on these points to rebut or challenge the factual bases for this presumptively reasonable fee.

Defendants also argue that many of Ms. Faulkner's time entries are "vague" or indecipherable, or reflect "[b]lock billing." (Defs.' Opp'n at 9.) While the Court agrees that some entries are indeed cryptic, all but one of the entries—the one dated 12/31/05, indicating 0.5 hours spent to "draft sked"—are readily decipherable,[3] and the time records contain no block billing. Defendants' ironic challenge to what they argue are "Plaintiff's *redundant* e-mails about settlement" (Defs.' Opp'n at 9 (emphasis added)) is rejected. Not only did Plaintiff ultimately prevail in litigation, but the time records reveal that the sums

---

[3] The same is true for Ms. Faulkner's schedule listing costs incurred. Defendants' objections to her application for costs are therefore overruled.

repeatedly offered for settlement included what Plaintiff has received: $1,000 in damages, plus costs and fees.

Defendants also challenge Plaintiffs' application for fees incurred by Ms. Faulkner for traveling to Albany, New York to take two depositions. The Court overrules this objection. Counsel may recover 100 percent of travel time for trial where counsel, who drove, necessarily forewent billable work as a result. *See, e.g., Gonzalez v. Town of Stratford*, 830 F. Supp. 111, 115 (D. Conn. 1992) (reimbursing travel at usual hourly rate because counsel worked on case while traveling, and because attorneys incur "an opportunity cost that is equal to the fee [they] would have charged that or another client if [they] had not been traveling.") (internal citation and quotation marks omitted). Here, Ms. Faulkner billed for only six hours' travel time, well within the range of reasonable travel time warranting an award of 100 percent of the hourly rate. *See, e.g., Broadnax v. City of New Haven*, Nos. 3:98cv807 (WWE), 3:02cv123 (WWE), 2004 WL 491079, at *1 (D. Conn. Mar. 3, 2004) (awarding 12 hours' travel time to and from trial) ("Attorney travel time may be billed at 100% of the hourly rate when the hours are few, and the representation is able and successful.").

For the reasons stated above, the Court approves Plaintiff's application for an hourly rate of $350, and for all but 0.5 hours of the claimed 99.7 hours. No overall percentage reduction is warranted for the reasons as discussed above and also because Ms. Faulkner's time entries show where she exercised billing judgment in submitting the fee application,

using the marks "+" and "++" to indicate where she has billed for less time than she actually took to complete particular tasks. Furthermore, the overall fee sought is modest, undoubtedly evidencing an efficiency factor resulting from Ms. Faulkner's expertise in FDCPA cases.

At $350 per hour, the 99.2 hours result in a fee award of $34,720.00, which, combined with $1,413.00 in costs, results in an overall award of $36,133.00. Thus, pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff's Fee Application [Doc. # 94] is GRANTED, and the Court awards Plaintiff $36,133.00. The Clerk is directed to issue an Amended Judgment reflecting this award.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of October, 2009.

I Hereby attest and certify that this is a printed copy of a document which was electronically filed in the United States District Court for the District of Connecticut.
Date Filed: 10/20/09

By: _____
Deputy Clerk

# Joanne S. Faulkner
ATTORNEY AT LAW

123 AVON STREET NEW HAVEN, CT 06511-2422   TELEPHONE (203) 772-0395   j.faulkner@snet.net

March 11, 2010

Clerk, United States District Court
James T. Foley - U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207-2924

Re: Register enclosed judgment

Dear Clerk:

I enclose a copy of a judgment for registration in your court. There is a $1,000 award plus a $36,133 fee/cost award, for a total of $37,133.

Enclosed is the $39 filing fee.

I will need an abstract or transcript of the judgment for registration in state court. Please advise me of the cost.

Yours truly,

Joanne S. Faulkner